IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LARYIE EARL JONES, AIS # 156610, :

    Plaintiff, :

vs. : CIVIL ACTION 20-0261-TFM-N

HUEY HOSS MACK, *et al.,* :

    Defendant. :

## REPORT AND RECOMMENDATION

Plaintiff Laryie Earl Jones, who is proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 together with a motion to proceed without prepayment of fees while an inmate at the Baldwin County Correctional Center.[1][2] (Docs. 1, 2). Upon review of this action and Jones's prior litigation history, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g), because Jones is barred from proceeding *in forma pauperis* and did not pay the $400 filing and administrative fees when he filed this action. It is further recommended that Plaintiff's Motion for Summary Judgment (Doc. 4, PageID.18) be denied and Motion to Add a Defendant to Complaint (Doc. 5, PageID.23) be granted.

---

[1] This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).

[2] On October 5, 2020, Plaintiff notified the Court of a new mailing address, which indicates that he is no longer at the Baldwin County Corrections Center, is not at a facility operated by the Alabama Department of Corrections, and is probably at a free-world address. (Doc. 6, PageID.28).

## I. Section 1915(g) and Jones's Litigation History.

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when his next action is filed. *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" *Rivera v. Allin,* 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199, 215-16, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007).

Because Jones sought leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(e)(2)(B), the Court is required to screen his complaint. (Doc. 1). In screening the complaint under 28 U.S.C. § 1915(e)(2)(B), the undersigned reviewed the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama to determine if Jones has three or more actions and appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. From these dockets, the Court discovered that

Jones has had at least three actions and appeals dismissed for one of the foregoing reasons, namely,[3] *Jones v. City of Samson Police Dep't*, CA No. 96-01830-ID-JLC (M.D. Ala. 1997); *Jones v. Millard H. McWhorter, III,* CA No. 04-00809-MEF-DRB (M.D. Ala. 2004); *Jones v. Grady Lanier,* CA No. 04-00810-MHT-DRB (M.D. Ala. 2004); *Jones v. Anthony Clark*, CA No. 05-00973-MEF-DRB (M.D. Ala. 2005); *Jones v. Anthony Clark*, No. 07-11971-F (11th Cir. Aug. 1, 2007) (appeal is frivolous in *Jones v. Clark,* 2:05-cv-00005-MEH-TFM *(*M.D. Ala. 2007)). In addition, Jones has had other actions dismissed pursuant to 28 U.S.C. § 1915(g), for example, *Jones v. Greg White,* CA No. 06-00280-ID-DRB (M.D. Ala. 2006); *Jones v. Greg White*, CA No. 06-00289-WKW-DRB (M.D. Ala. 2006); *Jones v. Anthony Clark*, CA No. 06-00296-MEF-DRB (M.D. Ala. 2006); and *Jones v. Mack*, CA No.18-0518-JB-B (S.D. Ala. 2019). Thus, the present action is due to be dismissed unless Jones can satisfy the exception to § 1915.

## II. <u>Section 1915(g)'s Exception</u>.

Section 1915(g)'s exception requires that at the time of the complaint's filing, Jones show that he was "under imminent danger of serious physical injury." *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (the imminent danger of serious physical injury must be faced at the time the complaint is filed, not at a prior

---

[3] The Court is taking judicial notice of the U.S. Party/Case Index, PACER Service Center, available at http://pacer.psc.uscourts.gov. *See Grandinetti v. Clinton,* 2007 WL 1624817, at *1 (M.D. Ala. 2007) (unpublished).

time); *Adbul-Akabar v. McKelvie,* 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), *cert. denied,* 533 U.S. 953 (2001).

To determine if § 1915(g)'s exception is met, the "complaint, as a whole, [must] allege[] imminent danger of serious physical injury." *Brown v. Johnson,* 387 F.3d 1344, 1350 (11th Cir. 2004). To make this showing, a plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" *Ball v. Allen,* 2007 WL 484547, at *1 (S.D. Ala. 2007) (unpublished). Jones has not done this.

Plaintiff filed the complaint on April 15, 2020. (Doc. 1 at 1, PageID.1).[4] Plaintiff names as Defendants the Sheriff of Baldwin County, Alabama, Sheriff Huey Hoss Mack; Investigator Bill B. Bedgood; and Deputy Justin O. Means. (*Id.* at 5-6, PageID.5-6). Plaintiff alleges that his claims arose on October 16, 2018 through March 1, 2019, and on January 7, 2020. (*Id.* at 4, PageID.4). According to Plaintiff, on March 4, 2017, Defendant Means with the Sheriff's Department talked to the victim of a theft of property who gave a statement indicating that he suspected

---

[4] In the complaint Plaintiff refers to the April 25, 2020 as "today['s] date." (Doc. 1 at 4, PageID.4). The signature line, however, indicates that he signed the complaint on April 15, 2020. (*Id.* at 7, PageID.7). *Washington v. U. S.,* 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, the court will assume the day the plaintiff signed the complaint is the day he delivered to prison officials for mailing).

4

Plaintiff. (*Id.* at 4, PageID.4). On October 16, 2018, Plaintiff was arrested "without a warrant" and "without probable cause" and did not receive a "probable cause hearing within his (48) hours." (*Id.*). After serving 136 days, on March 1, 2019, he was released and then served a 20-day "dump," from which he was released from a state prison on March 20, 2019. (*Id*). He remained on bond until June 2019, when he was again arrested "without a warrant" and "without probable cause." (*Id.*). On January 7, 2020, he was arrested "without probable cause." (*Id.*). As of April 25, 2020, when he drafted the complaint, he had served 246 days without going before district or circuit court judge for a hearing. (*Id.*)

After Plaintiff was arrested on October 16, 2018, due to "defendant's failure," he lived with mentally ill and federal inmates and in an unsanitary environment until he was released on a signature bond on March 1, 2019. (*Id.* at 8, PageID.PageID.8). Plaintiff was arrested again on January 7, 2020, and during this stay, he claims he is under "imminent danger of serious physical injury" as he has been having chest pains off and on for two months. (*Id.*). He fears for his life, is "at risk of serious harm," "has been discriminat[ed] against," has been treated with deliberate indifference eve n though followed the grievance procedure, and has written letters to all defendants, but there has been a failure to provide adequate medical care. (*Id.*). He is being held without bond until his trial on August 3, 2020 and fears that he may not make it. (*Id.*). He is locked down 24/7 in his cell which has no ventilation and is contaminated with mold and mildew. (*Id.*). He wants the Court to reinstate his signature bond so he can go to his heart doctor in Dothan, Alabama. (*Id.*). He is

5

innocent of theft of property. (*Id.*).

For his specific claims against Defendant Mack, Plaintiff alleges wrongful arrest without probable cause; deprivation of life, liberty, and property without due process of law; discrimination; violation of the Eighth Amendment - medical care; and failure to train employees when training is necessary to prevent the violation of a federal right. (*Id.* at 5, PageID.5). The facts to support these claims are based on Plaintiff's arrest without probable cause and without a warrant and being held for 246 days against his will in Baldwin County Jail in violation of due process. (*Id.*). The specific claim against Defendant Bedgood is described as malicious prosecution. (*Id.*). The facts supporting this claim are Defendant Bedgood "instituted criminal proceeding[s] with malice, without probable cause, [and] he transmitted untruthful information to an official with power to charge an ensuing criminal proceeding against Plaintiff." (*Id.*). The specific claims alleged against Defendant Means are "coercive civil conspiracy, . . . intentional infliction of emotional distress, . . . negligence, [and] negligent supervision." (*Id.* at 6, PageID.6). The facts supporting this claim are that Defendant Means knew before he filled out his report on March 4, 2017, "no probable cause" existed to arrest Plaintiff and he could have stopped Plaintiff's "wrongful arrest" because he did not seize any property from Plaintiff as nothing was stolen. (*Id.*). For relief, Plaintiff requests his immediate release, compensatory damages, and an investigation into his wrongful incarceration as he fears for his life. (*Id.* at 7, PageID.7).

Subsequent to filing the complaint, on June 10, 2020, Plaintiff filed "motion to

add a defendant[] to complaint." (Doc. 5, PageID.22). Plaintiff complains that Judge Jody Bishop had him arrested twice without probable cause, on October 16, 2018, and on January 7, 2020. (*Id.*). Defendant Bishop caused Plaintiff to be detained for a prolonged period without a probable cause hearing following Plaintiff's warrantless arrest. (*Id.*). Defendant Bishop improperly took control over the case instead of letting the district court conduct the preliminary hearing, and at the May 21, 2020 hearing, he caused Plaintiff to sit in jail until September 2020, because Plaintiff refused to take the plea deal, as Plaintiff was innocent. (*Id.* at 2, PageID.23). In total, Plaintiff alleged that he suffered 288 days of wrongful incarceration due to Defendant Bishop. (*Id.*). Defendant Bishop is also alleged to have failed to train Defendant Mack and his officers to avoid violations of federal rights. (*Id.* at 3, PageID.24). Plaintiff states that it is too late now, May 21, 2020, to correct his wrongful incarceration which Defendant Bishop was authorized to correct. (*Id.* at 4, PageID.25). For relief, Plaintiff wants Defendant Bishop removed from office or removed from his case because a 48-hour hearing after his warrantless arrest has not been held, nor has a warrant been served. (*Id.* at 5, PageID.26).

Plaintiff also filed a motion for summary judgment in which he complains about the criminal process against him and adds that he fears for his life because his chest pains have not received medical attention, which he presents an imminent danger of serious physical injury, so he must go to his heart doctor in Dothan. (Doc. 4 at 2, PageID.19). He also complains about being "mixed up" with federal inmates and mentally ill inmates, housed with inmates with violent offenses, and being

isolated every day in "unsafe, sanitary [sic] [cell] contaminated with mold and mildew [and] lack of ventilation." (*Id.*). He requests that his bond be reinstated, he be released from his wrongful incarceration to see his heart doctor, or a hearing be ordered because he has not had one. (*Id.*).

Section 1915(g) requires that Plaintiff Jones be in imminent danger of serious physical injury when he filed his complaint. 28 U.S.C. § 1915(g). Plaintiff filed his complaint on April 15, 2020. (Doc. 1, PageID.10). When the complaint form asked Plaintiff about the date when the complained of action occurred, he stated, under penalty of perjury, October 16, 2018 to March 1, 2019, and January 7, 2020. (*Id.* at 4, 7, PageID.4, 7). On October 16, 2018, Plaintiff was arrested and released on bond on March 1, 2019, and was subsequently arrested on January 7, 2020. (*Id.* at 8, PageID.8). Throughout Plaintiff's complaint and amended complaint, in which he adds as a Defendant Judge Jody Bishop, Plaintiff's overarching concern is with criminal process that has been used against him on several occasions. His requests for relief concern the criminal process as well. For example, he requests to be "immediately released from this wrongful incarceration and to [be] awarded compensatory [damages] against the government intentional infliction of emotional distress upon innocent including family at the earliest possible time. Please send an investigator to find out why plaintiff is wrongful incarcerat[ed.] He fear[s] for his life[.]" (*Id.* at 7, PageID.7). In the amendment, Plaintiff asks that Defendant Bishop be removed from office or from Plaintiff's case and that he be granted summary judgment. (Doc. 5 at 5, PageID.26).

8

Plaintiff's brief allegations that concern an Eighth Amendment violation are only found in the complaint and are directed to Defendant Sheriff Mack, in that when the complaint form required Plaintiff to state the specific claims against a defendant, he mentioned an Eighth Amendment medical care claim in his claims against Defendant Mack. (Doc. 1 at 5, PageID.5). In this same area, Plaintiff's allegations also refer to a vague training claim, which is only mentioned there and is not connected to a specific violation; it states the "failure to train employees when training is necess[ary] to prevent the violation of a federal right." (*Id.*).

Moreover, and most importantly, the descriptive allegations in the complaint that are not connected to the criminal process are vague and do not refer to Defendant Mack. (*Id.* at 8, PageID.8). Those vague allegations concern Plaintiff's on-and-off "chest pains" for two months, which he alleges puts him at risk of serious harm and imminent danger of serious physical injury; being discriminated against; being in an unsafe and unsanitary environment because he is "mixed up" with mentally ill and federal inmates; being isolated in his cell 24/7, like all inmates are[5]; and being in a cell contaminated with mold and mildew. (*Id.*). In describing these claims not involved with the criminal process, Plaintiff used legal conclusions instead of providing facts, e.g., deliberate indifference, failing to provide adequate medical care. *See Ashcroft v. Iqbal*, 5556 U.S. 662, 678, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009) ("we are not bound to accept as true a legal conclusion couched as a factual

---

[5] The allegations of being "mixed up" with mentally ill and federal inmates is not clear to the Court because Plaintiff also states that he is in his cell 24/7.

9

allegation"). Deliberate indifference is an element of an Eighth Amendment claim, but whether there has been deliberate indifference is a determination made by the Court based on the *facts*. *Estelle v. Gamble*, 429 U.S. 97, 104-5, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) (a medical claim requires a finding of deliberate indifference); *Farmer v. Brennan*, 511 U.S. 825, 836, 114 S.Ct. 1970, 1983, 128 L.Ed.2d 811 (1994) (a conditions of confinement claim requires a finding of deliberate inference). The only allegations not related to the criminal process that can be considered as facts in the complaint are the vague, conclusory, all-encompassing allegation that Plaintiff wrote letters to all Defendants and used the grievance procedure, that he had intermittent unspecified "chest pains" with no medical treatment, and that his cell had mold and mildew. (*Id.* at 8, PageID.8). These allegations, at best, indicate the mere possibility of claim but do not state a plausible claim as required. *Bell v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Furthermore, no specific facts were alleged showing that Defendant Mack was personally involved and that he was deliberately indifferent. *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (a causal connection must be established between a defendant's actions, orders, customs, or policies and a deprivation of the plaintiff's constitutional or federal rights to state a § 1983 claim).

However, the burden is on Plaintiff to show that at the time he filed the complaint that he was under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *Medberry,* 185 F.3d at 1193. Plaintiff's many allegations concerning the criminal process against him do not show that he was under imminent danger of

10

serious physical injury at the time of filing. And the allegations that are not concerned with the criminal process are vague and conclusory and do not contain a plausible claim against a Defendant. *See Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984) (vague and conclusory are subject to dismissal for failure to state a claim). Moreover, Plaintiff's allegations do not specify the serious physical injury he would imminently suffer or, at least, provide concrete, specific facts leading to a reasonable inescapable conclusion of being in imminent danger of a serious physical injury. *See White v. Colorado*, 157 F.3d 1226, 1232, 1232 (10th Cir. 1998) (finding the complaint was a collection of vague and utterly conclusory allegations with no specific references as to which defendant committed a violation or to "even the general nature of the 'serious physical injury' he asserts is imminent" and, thus, the plaintiff "failed to raise a credible allegation that he is in imminent danger of serious physical harm, and, therefore, he d[id] not come under the exception to § 1915(g)"). Consequently, the Court finds that Plaintiff's allegations do not describe a serious physical injury, much less an injury that is imminent. Accordingly, the Court concludes that Plaintiff did not meet his burden of showing that he was in imminent danger of serious physical injury when he filed his complaint.[6]

---

[6] In the alternative, the court in *Pettus v. Morgenthau*, 554 F.3d 293 (2d Cir. 2009), held that "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)." *Id.* at 298. It reasoned that the three three-strikes litigant must show both that the "imminent danger of serious physical injury is *fairly traceable* to the unlawful conduct asserted in the complaint" and "a favorable judicial outcome would *redress* that injury." *Id.* at 298-99.

11

## III. Conclusion.

Because Plaintiff cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $400 filing/administrative fee at the time he filed this action, this action is due to be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). *Dupree,* 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he

---

In *Pettus*, the bulk of the claims for relief were directed to "law enforcement personnel involved in [the plaintiff's] criminal trial to whom prison conditions are not fairly traceable or in circumstances in which it is speculative to assert that judicial relief will actually redress these allegedly unlawful conditions." *Id.* at 299. And the claims for relief were directed at the plaintiff's improper prosecution and inmate classification, which the court determined to be "too attenuated from the imminent danger of serious physical injury he allege[d] to conclude that this danger may fairly be traced back to the asserted wrongs." *Id.* The court noted that "the possibility that the judicial relief he would receive would redress the imminent danger he asserts [from violent inmates and from the denial of medicine] is entirely speculative." *Id.* at 295-96.

The *Pettus* court observed that an exception may exist with the commissioner of the department of corrections, but it concluded that the allegations failed to allege the commissioner was personally responsible or had personal involvement and, therefore, a claim was not stated against the commissioner. *Id.* 299-300. The court affirmed the dismissal of the commissioner pursuant to § 1915(e)(2). *Id.* at 300.

In conclusion, the court affirmed the dismissal of the bulk of the claims for lacking the proper nexus to the alleged imminent danger of serious physical injury. *Id.*; *see Malloy v. Ala. Bd. Pardons & Paroles,* 2019 WL 1323600, *2 (M.D. Ala. 2019) (unpublished) (collecting cases and citing *Barber v. Krepp*, 680 F. App'x 819, 821 (11th Cir. 2017) (declining to decide "whether § 1915(g)'s 'imminent danger' exception requires proof of such a nexus" as in *Pettus*, because the nexus was present in the complaint before it)).

The allegations in the present action are similar to the allegations in *Pettus,* in that almost all of the allegations concern Plaintiff's involvement with the criminal process and his claims for relief are based on the criminal process. And Plaintiff's Eighth Amendment allegations do not reflect personal involvement by Defendant Mack and will not be redressed by the requested the relief. Thus, it does not appear that "an adequate nexus [exists] between the claims plaintiff seeks to pursue and the imminent danger he alleges." *Pettus*, 554 F.3d at 298; *see Malloy*, 2019 WL 1323600, at *2 (finding the claims against the Pardons and Parole to Board for inaction were too attenuated from the conditions of incarceration that were alleged to show an imminent danger).

initiates the suit"); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied,* 535 U.S. 976 (2002).[7] It is further recommended that Plaintiff's Motion for Summary Judgment (Doc. 4, PageID.18) be denied in light of this Report and Recommendation. Lastly, it is recommended that Plaintiff's Motion to Add a Defendant to Complaint (Doc. 5, PageID.22) be granted, *see Brown,* 387 F.3d at 1348; however, for the reasons stated in the Report and Recommendation, in particular the reasons directed to the amended complaint, the amended complaint is likewise subject to dismissal pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything

---

[7] The Court is foregoing a discussion on whether this action is additionally subject to dismissal as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). When a prisoner plaintiff affirmatively misrepresents his litigation history on a complaint form requiring disclosure of such history and signs it under penalty of perjury, such a complaint is an abuse of the judicial process warranting dismissal without prejudice as malicious. *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (affirming the counting as a strike under 28 U.S.C. § 1915(g) an action that was dismissed for an abuse of legal process because the inmate lied under penalty of perjury about a prior lawsuit), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 215-17 (2007); *Schmidt v. Navarro*, 576 F. App'x 897, 898-99 (11th Cir. 2014) (affirming the action's dismissal as malicious because the plaintiff abused the judicial process when he failed to disclose the existence of two prior federal actions in his complaint signed under penalty of perjury and the statute of limitations did not bar the complaint's refiling). In the present action, Plaintiff signed his complaint under penalty of perjury and denied having previously filed lawsuits in state or federal court that related to his imprisonment or with the same or similar facts. (Doc. 1 at 3, 7, PageID.3, 7). However, an examination PACER (Public Access to Court Electronic Record) reflects twenty-seven case entries for Plaintiff, sixteen of which are § 1983 cases. Clearly, Plaintiff's responses to the form's questions were not truthful.

in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 9th day of February, 2021.

s/ KATHERINE P. NELSON<br>
**UNITED STATES MAGISTRATE JUDGE**